■ In the Matter of DAVE W. METZ, Petitioner, v. ANDREW N. KIRK, as Commissioner of Police of the County of Nassau, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act, to annul a determination of the respondent, Commissioner of Police of Nassau County, made October 24, 1961 after a departmental hearing, finding petitioner guilty (on three specifications) of having violated the Rules and Regulations of the Nassau County Police Department and dismissing him from his position as Lieutenant of Police. By order of the Supreme Court, Nassau County, made April 17, 1962 pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination modified on the facts and in the exercise of discretion by reducing the punishment imposed from a dismissal to a suspension for a period of three months commencing as of October 24, 1961. As so modified, determination confirmed, without costs. The Commissioner's determination finding petitioner guilty of the charges herein is supported by substantial evidence. However, under all the circumstances presented by this record, it is our opinion that a dismissal was excessive punishment and that the penalty of suspension hereby imposed is adequate (Civ. Prac. Act, § 1296, subd. 5-a). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of R. M. LIQUORS, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act, to annul a determination of the respondent, New York State Liquor Authority, made August 8, 1962 after a hearing, which suspended for a period of 10 days the petitioner's retail off-premises liquor store license, on the ground that it had violated the statute (Alcoholic Beverage Control Law, § 65, subd. 1) by selling an alcoholic beverage to a minor "actually or apparently under the age of eighteen years". By order of the Supreme Court, Nassau County, dated August 30, 1962, the proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296). Determination annulled, without costs. On the record here presented, it is our opinion that there is no substantial proof to sustain the Authority's determination. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.